UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No.   8:05-cr-70-T-23MAP
                      8:09-cv-328-T-23MAP

FIDENCIO ESTRADA,
A.K.A. Fidencio Estrada-Guerra
_____/

**O R D E R**

A jury convicted Estrada of one count of both conspiring to bribe a public official and conspiring to launder money, five counts of bribery, and ten counts of money laundering. Estrada challenges the validity of his convictions in a motion to vacate under 28 U.S.C. § 2255. (Doc. 1) Estrada asserts no challenge to his sentence of forty-one months. Estrada alleges two claims of ineffective assistance of counsel. Although admitting that the motion to vacate is timely, (Response at 3, Doc. 4), the United States argues that the motion to vacate lacks merit.

**FACTS**[1]

Between February and November, 2000, individuals operating at Estrada's behest sent money through Western Union to Rafael Pacheco, a United States Customs Service agent. The transfers totaled more than $10,000. In exchange for the bribes Pacheco (1) monitored the government computer system for information

---

[1] This summary of the facts derives from the circuit court's decision on direct appeal. (Doc. 161)

about Estrada and (2) promised to arrange for visas for members of Estrada's family in Mexico. This scheme of corruption unraveled when Estrada was stopped for a traffic infraction in Texas and the trooper found $75,000 in cash in the vehicle.[2]

## **INEFFECTIVE ASSISTANCE OF COUNSEL**

Estrada claims ineffective assistance of counsel, a difficult claim to sustain. "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995) (*en banc*) (*quoting Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994)). *Strickland v. Washington*, 466 U.S. 668 (1984), governs an ineffective assistance of counsel claim:

> The law regarding ineffective assistance of counsel claims is well settled and well documented. In *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to *Strickland*, first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Strickland*, 466 U.S. at 687, 104 S. Ct. 2052.

*Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998).

*Strickland* requires proof of both deficient performance and consequent prejudice. *Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an

---

[2] Co-defendant Pacheco was tried separately and convicted of thirty-two counts involving several conspiracies, bribery, money laundering, obstruction of justice, interfering with a criminal investigation, and unlawful use of restricted government computer databases, for which Pacheco serves eighty-seven months and paid more than $20,000 in criminal penalties and forfeitures. (Doc. 161 at 7)

ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims*, 155 F.3d at 1305 ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." 466 U.S. at 690. *Strickland* requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." 466 U.S. at 690.

Estrada must demonstrate that counsel's error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." 466 U.S. at 691-92. To meet this burden, Estrada must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694.

*Strickland* cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the

extent that reasonable professional judgments support the limitations on investigation." 466 U.S. at 690-91.  Estrada cannot meet his burden merely by showing that the avenue chosen by counsel proved unsuccessful.

> The test has nothing to do with what the best lawyers would have done.  Nor is the test even what most good lawyers would have done.  We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial . . . .  We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992).  *Accord Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious:  the trial lawyers, in every case, could have done something more or something different.  So, omissions are inevitable . . . .  [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'") (*en banc*) (*quoting Burger v. Kemp*, 483 U.S. 776, 794 (1987)).  *See also Jones v. Barnes*, 463 U.S. 745, 751 (1983) (counsel has no duty to raise a frivolous claim).

Ground One:

Estrada alleges that counsel was ineffective for not moving to dismiss sixteen counts as duplicitous.  Estrada was charged with and convicted of one count of conspiring to bribe a public official (Count One), five counts of bribery (Counts Seven through Eleven), one count of conspiring to launder money (Count Thirteen), and ten counts of money laundering (Counts Fourteen through Twenty-Three).  Estrada argues that each count beyond the conspiracy to bribe a public official (Count One) is prohibited by the Double Jeopardy Clause.  Because bribery and money laundering

require proof of different elements, they are not the "same offense" within the meaning of the Double Jeopardy Clause. *Blockburger v. United States*, 284 U.S. 299 (1932). Each of the bribery counts and each of the money laundering counts is based on a different act that was committed on a different date. Additionally, the jury was specifically instructed on the elements of each count and the difference between the two conspiracy counts. (Transcript of Trial, Doc. 149 at 96-105) Estrada cannot show that counsel performed deficiently because each distinct act justifies a separate count.

Count Two:

Estrada alleges that counsel was ineffective for not moving to dismiss the indictment because his right to trial under the Speedy Trial Act was violated. Instead of challenging the delay between indictment and trial,[3] Estrada alleges that the extensions of time were not accompanied by an explanation that the ends of justice are served by granting the continuance, as required by 18 U.S.C. § 3161(h).

*Strickland* requires proving both deficient performance and prejudice. Estrada can show neither. Even assuming that counsel's failure to object was deficient performance, the lack of an explanation was immediately curable, and even if the most sever relief was granted—dismissal of the indictment—nothing would preclude

---

[3] The trial occurred earlier than the date to which defense counsel waived Estrada's right to a trial under the Speedy Trial Act.

the United States from securing another indictment.  So Estrada cannot possible meet *Strickland*'s prejudice requirement.

Additionally, the basis for Estrada's argument is *United States v. Zedner*, 547 U.S. 489, 498 (2006), which holds that a district court must place on the record the reasons for granting a continuance.  Because his trial occurred on March 15, 2006, nearly three months before *Zedner*, Estrada's argument lacks merit because *Zedner* is not retroactively applicable.  A new rule applies retroactively in a collateral proceeding only if (1) the rule is substantive or (2) the rule is a "'watershed rul[e] of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding." *Saffle v. Parks*, 494 U.S. 484, 495 (1990) (*quoting Teague v. Lane*, 489 U.S. 288, 311 (1989)).  A rule is substantive, rather than procedural, if it "alters the range of conduct or the class of persons that the law punishes." *Schiro v. Summerlin*, 542 U.S. 348, 353 (2004).  Because it altered no substantive law, *Zedner* is a procedural ruling, not retroactively applicable unless it is a watershed rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding. *Whorton v. Bockting*, 549 U.S. 406, 418 (2007), teaches that, to qualify as "watershed," the new rule must both prevent "an impermissibly large risk" of an inaccurate conviction and "alter our understanding of the bedrock procedural elements essential to the fairness of a proceeding."  The Supreme Court is hesitant to ascribe to any of its recent decisions the status of a "watershed" rule of criminal procedure. *See, e.g., Whorton v. Bockting* 549 U.S. at 421 (holding that *Crawford v.*

*Washington*, 541 U.S. 36 (2004), which overruled prior Supreme Court cases governing admission of hearsay statements, was not a watershed rule), *Schriro v. Summerlin*, 542 U.S. 348, 352 (2004) (rejecting retroactivity of *Ring v. Arizona*, 536 U.S. 584 (2002)), *Beard v. Banks*, 542 U.S. 406 (2004) (holding that *Mills v. Maryland*, 486 U.S. 367 (1988), did not constitute a watershed rule), *O'Dell v. Netherland*, 521 U.S. 151, 157 (1997) (rejecting retroactivity of *Simmons v. South Carolina*, 512 U.S. 154 (1994)), *Gilmore v. Taylor*, 508 U.S. 333 (1993) (rejecting retroactivity of a new rule for jury instructions on homicide), *Sawyer v. Smith*, 497 U.S. 227 (1990) (rejecting retroactivity of *Caldwell v. Mississippi*, 472 U.S. 320 (1985)). No evidence exists that the Court intended to retroactively apply *Zedner* to cases on collateral review. *Zedner*'s peculiar facts limits its application to criminal defendants nationwide and precludes the "impermissibly large risk" required to establish a watershed rule. Estrada is not entitled to the retroactive application of *Zedner*.

Accordingly, the motion to vacate under 28 U.S.C. § 2255 (Doc. 1) is **DENIED**. The clerk shall enter a judgment against Estrada and close this case.

### CERTIFICATE OF APPEALABILITY

Rule 11(a), Rules Governing Section 2254 Cases, requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." As stated in *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000):

> To obtain a COA under § 2254(c), a petitioner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for

> that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'" *Barefoot, supra*, at 893, and n.4, 102 S. Ct. 3383 ("sum[ming] up" the "substantial showing" standard).
>
> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  This construction gives meaning to Congress' requirement that a prisoner demonstrate substantial underlying constitutional claims and is in conformity with the meaning of the "substantial showing" standard provided in *Barefoot, supra*, at 893, and n.4, 102 S. Ct. 3383 . . . .

An applicant need not show probable success on appeal, but the issuance of a certificate of appealability entails more than "mere good faith" or only the "absence of frivolity."  As stated in *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003):

> We do not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus.  Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail.  As we stated in *Slack*, "[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward:  The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 529 U.S. at 484, 120 S. Ct. 1595.

Because jurists of reason would not fairly debate whether the petition states a valid claim of the denial of a constitutional right, a certificate of appealability is unwarranted.

Accordingly, a certificate of appealability is **DENIED**.  Leave to proceed *in forma pauperis* on appeal is **DENIED**.  Estrada must pay the full $455 appellate filing

- 9 -

fee without installments unless the circuit court allows Estrada to proceed *in forma pauperis*.

ORDERED in Tampa, Florida, on March 20, 2012.

*Steven D. Merryday*
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE